T. T. AMORY & CO. v. ESTATE OF JAMES GREER.

*Settlement of Estates. Equitable Claim, in whose Name should be presented. Appeal.*

When one has purchased several claims against a deceased person's estate, they should be allowed, and an appeal taken, in the name of the original owners; and an appeal in the name of one of such owners will not be dismissed where the commissioners' report showed that the claim was presented and allowed in the right name, although the aggregate allowance of the several claims was carried into the column of balances, and that they intended to allow only what had been paid for the claims.

APPEAL from Probate Court. Heard on motion to dismiss, September Term, 1885, VEAZEY, J., presiding. Motion

*pro forma* denied. The commissioners' report showed that several claims were presented and allowed, as follows:

| "Names of Claimants. | Claims. | Allowed. | Disallowed. | Offset. | Balance ag'st estate. |
|---|---|---|---|---|---|
| T. T. Amory & Co. [Several other claims.] | $161.40 | $50.00 | $111.40 | —— | $584.30 |

"NOTE.—On the above claims bought by Thomas Greer, we intend to allow him what he paid, and ten per cent. for interest and expenses."

The motion to dismiss the appeal was on the ground that the order of the court accepting the commissioners' report showed upon its face that no claim was presented to said commissioners by said T. T. Amory & Co.

*George M. Fuller, W. H. Preston,* and *W. C. Dunton,* for the plaintiffs.

*A. F. Walker* and *F. G. Swinington,* for the defendant.

The opinion of the court was delivered by

ROWELL, J. It is claimed that it does not appear from the commissioners' report that Amory & Co. presented any claim to the commissioners, or that any sum was allowed to or against them; but that, on the contrary, it appears that the claim from the disallowance of which the appeal is taken was presented by and in the name of Thomas Greer, and the allowance and disallowance made to and against him. But we think the record shows that Greer presented this claim in the name of the appellants, with nine others in the names of different persons, as he well might if he was the equitable owner of them as claimed. No offset was presented to any of these claims, and the aggregate allowance on all of them is $584.30, which is carried into the column of balances against the estate; but the amounts of each claim, and of the allowance and disallowance on each, are placed in their appropriate columns, but only said ag-

gregate allowance is carried into the column of balances; but this is not important, inasmuch as it plainly appears that of the claims presented in the names of the appellants more than $20, to wit, $111.40, was disallowed, which entitles them to an appeal.

Judgment affirmed and cause remanded.